UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

CIVIL ACTION NO.

```
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
```

| | |
|---|---|
| DEBORAH SMITH, ADMINISTRATRIX OF | * |
| THE ESTATE OF LOGAN SMITH, | * |
| DEBORAH SMITH, INDIVIDUALLY AND | * |
| AMBROSE SMITH, INDIVIDUALLY | * |
| | * |
| Plaintiffs | * |
| | * |
| | * |
| v. | * |
| | * |
| MOLLY LATCHER KATZ, R.N., | * |
| OSCAR HERRARA, R.N., | * |
| ASHLEY BROPHY, C.NA., AND | * |
| RHODE ISLAND HOSPITAL | * |
| | * |
| | * |

```
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
```

## PLAINTIFFS' COMPLAINT

### (Parties and Jurisdiction)

1.  The plaintiff, Deborah Smith, is a resident of Dartmouth, Massachusetts, is the Administratrix of the Estate of Logan Smith, and is the surviving parent/natural mother of her deceased infant son, Logan Smith, who died on or about August 27, 2010.

2.  The plaintiff, Deborah Smith, as Administratrix of the Estate, brings this wrongful death action in said capacity on behalf of the beneficiaries of the Estate pursuant to the Rhode Island Wrongful Death Statute, Section 10-7-1, *et seq.*, and also individually, as

the surviving parent/mother of her deceased son, Logan Smith, pursuant to Rhode Island Wrongful Death Statute, Section 10-7-1.2.

3.   The plaintiff, Ambrose Smith, is a resident of Dartmouth, Massachusetts and brings this action individually, as the surviving parent/father of his deceased infant son, Logan Smith, pursuant to Rhode Island Wrongful Death Station, Section 10-7-1.2.

4.   The Defendant, Mollie Latcher-Katz, R.N, upon information and belief, is was at all material times hereto, a duly licensed registered nurse by the State of Rhode Island, and employed by the Defendant, Rhode Island Hospital's pediatric division, Hasbro Children's Hospital, who, during the  course of said employment and while acting within the course and scope of said employment,  provided nursing care to the plaintiff's decedent, Logan Smith, on or about August 27, 2010, when plaintiff's decedent was a patient in the Rhode Island Hospital's pediatric division, known as the Hasbro Children's Hospital.  On information and belief she was responsible for the assignment of the nursing personnel who attended Logan Smith on August 27, 2010.

5.   The Defendant, Oscar Herrara, R.N, upon information and belief,  is/was at all material times hereto, a duly licensed registered nurse by the State of Rhode Island, and employed by the Defendant, Rhode Island Hospital's pediatric division, Hasbro Children's  Hospital, who, during the course and while acting within the scope of said employment,  provided nursing care to the plaintiff's decedent , Logan Smith, on or about August 27, 2010, when plaintiff's decedent was a patient in the Rhode Island Hospital's pediatric division,  the Hasbro Children's Hospital.

6.    The Defendant, Ashley Brophy, C.N.A, upon information and belief is/was at all material times hereto, a certified nurse assistant, certified by the State of Rhode Island, and employed by the Defendant, Rhode Island Hospital's pediatric division, the Hasbro Children's Hospital, who, during the course of said employment and while acting within the scope of said employment, provided nursing care to the plaintiff's decedent, Logan Smith, on or about August 27, 2010, when plaintiff's decedent was a patient in the Rhode Island Hospital's pediatric division, the Hasbro Children's Hospital.

7.    The Defendant, Rhode Island Hospital, is the parent corporation of the Hasbro Children's Hospital which is the pediatric division of the Rhode Island Hospital. It is a duly licensed provider of medical services incorporated within the State of Rhode Island, and has a principal place of business in the City of Providence, in the State of Rhode Island.

8.    Jurisdiction is based on the diverse citizenship of the parties pursuant to 28 USC §1332 together with an amount in controversy exceeding $75,000.00.

## The Facts

9.    On or about June 17, 2010, the plaintiff, Deborah Smith, gave birth by C-section to fraternal twins, Logan Smith and L.S., at Women & Infants Hospital in Rhode Island.

10.    The twins were delivered prematurely by approximately eight weeks prior to full term. After approximately seven and one half weeks of care, the twins were doing well, were healthy and were discharged home to the care of their parents, the Plaintiffs Deborah and Ambrose Smith.

11.     On the evening of August 26, 2010 while bathing Logan Smith, the plaintiff parents noticed what appeared to be a hernia on the baby's right groin area and called their family pediatrician who advised them to take the baby to the Hasbro Children's Hospital Emergency Room.

12.     At the Hasbro Children's Hospital, pediatric division of the Rhode Island Hospital, confirmed the presence of an inguinal hernia but as the hernia was not strangulated informed the Plaintiffs that the surgery to repair same could be scheduled at a later date and/or baby Logan could be admitted and surgery performed the next day on August 27, 2010. As Logan appeared to be in discomfort, the plaintiffs chose to have their baby admitted to Hasbro for the surgery the next day.

13.     In preparation for surgery the surgeon ordered the infusion of IV fluids, and in the early morning of August 27, 2010, the Smiths were taken to a small room at the hospital in which the IV fluid infusion was to take place.

14.     At that time, the defendant, Oscar Herrara, R.N., and the defendant, Ashley Brophy, C.N.A., attempted to place the I.V. infusion needle in Logan Smith's hand, and were unsuccessful.

15.     Subsequently, the defendant, Mollie Latcher-Katz, R.N., who, upon information and belief, was acting as the Head Nurse on the subject floor and unit, was summoned to the room and she successfully placed the I.V. infusion needle. She than left the room, entrusting the safe infusion of fluids into Logan's body to the defendants, Herrera and Brophy.

16.     The plaintiff, Deborah Smith, was advised by one or more of the defendant nurses to sit in a chair with her infant son, Logan, lying with his belly flat against her chest. The Plaintiff, Ambrose Smith, was in the room at all material times. Thereafter the infusion pump/device was connected to the needle that had been placed by Defendant Latcher-Katz and the IV infusion began. Shortly thereafter the defendant Herrera left the room, leaving the safe administration of the fluids solely under the care and attention of Ashley Brophy, C.N.A. On information and belief defendant, Latcher-Katz, was aware that C.N.A. Brophy was entrusted with the safe infusions of fluids into the infant, Logan Smith.

17.     The defendant, Ashley Brophy, C.N.A., was neither qualified nor permitted by law, hospital practice or procedure to operate a medical device such as the infusion pump/device; nor was she trained and/or qualified to oversee the IV infusion procedure being performed on Logan Smith. Yet, on information and belief, Brophy had previously been entrusted on multiple occasions by defendants, Latcher-Katz and/or Herrera to attend other patients undergoing similar medical procedures.

18.     At some point in time during the infusion procedure the infusion pump/device began to continually "beep" and displayed a digital warning of "Air In Line." On information and belief at that time the machine stopped infusing fluids into Logan.

19.     In response to this development, the defendant, Ashley Brophy, C.N.A., left the room and came back with the defendant, Oscar Herrara, R.N. Together, defendants Herrara and Brophy manipulated the machine so as to bypass its safety feature of warning when there was "Air In Line" and thus stopping infusion, thereby causing the

device to resume infusing whatever was in the line into Logan's body. Prior to doing so, both failed or neglected to free air from the line. On information and belief defendant Latcher-Katz was aware of this event and the aforementioned actions taken by defendants, Herrra and Brophy.

20. In response to the device emitting a "beeping" sound together with the digital reading/warning of "Air In Line," none of the defendants, Oscar Herrara, R.N., Ashley Brophy, C.N.A., and/or Mollie Latcher-Katz, R.N., removed the IV needle and/or disconnected the infusion pump/device from baby Logan's body; nor did any of the defendants advise or inform the Plaintiffs that there was a problem with the infusion pump/device and/or inform them that its use should be discontinued. The infusion resumed, with only defendant, Brophy in the room with the plaintiffs and their infant son, Logan.

21. With the knowledge and consent of defendants Herrara and Latcher-Katz, the defendant, Brophy, was the only health care provider in the room during these critical events; the defendants Herrara and Latcher-Katz knowingly left the untrained and unqualified Brophy solely in charge of the safe execution of the procedure and the well-being of baby, Logan.

22. A very short time thereafter, and while the infusion continued to proceed, the plaintiff, Deborah Smith, noticed that her baby's hand turned white, that he was not moving, and that his chest was blue. She frantically alerted the defendant, Ashley Brophy, C.N.A., to these observations/conditions. In response , the defendant, Ashley Brophy, C.N.A., left the room and returned with the defendant, Mollie Latcher-Katz,

R.N., who disconnected the IV needle from the infusion pump device, and took lifeless baby Logan to the trauma room where he could not be revived, and subsequently was pronounced dead on August 27, 2010.

23.    The cause of death was due to air in the line of the infusion pump/device being pumped into baby Logan after the machine displayed the warning of "AIR IN LINE". This resulted in one or more fatal air embolisms (air bubbles) entering the circulatory system of the infant, Logan Smith.

24.    Logan Smith died while lying on his mother's chest and in plain view of his father.

## COUNT I

### Deborah Smith, Administatrix of the Estate of
### Logan Smith v. Mollie Latcher-Katz, R.N
### (Negligence)
### (Wrongful Death Damages Pursuant to R.I. Gen Laws Sections 10-7-1.1 and 10-7-2.)

25.    Plaintiff restates and realleges each and every allegation in paragraphs one through twenty four as if fully set forth herein.

26.    At all times material hereto, the, defendant, Mollie Latcher-Katz, R.N., owed a duty of reasonable care to plaintiff's decedent, Logan Smith; breached said duty of care and was negligent.

27.    The negligence of the defendant, Mollie Latcher-Katz, R.N., included but is not limited to:

a) The negligent failure to provide proper, clinical nursing care in connection with the delivery of IV infusion treatment to plaintiff's decedent, Logan Smith;

b) The negligent failure to properly monitor and supervise said IV infusion treatment;

c) The negligent failure to properly monitor and properly utilize the infusion pump/device;

d) The negligent failure to properly monitor and supervise the activities of the defendant, Oscar Herrara, R.N.

e) The negligent failure to properly monitor and supervise the activities of the defendant, Ashley Brophy, C.N.A., who was improperly permitted by defendant, Latcher-Katz, to be in charge of and responsible for the safe operation of the infusion pump/device during the subject IV infusion treatment.

f) The negligent failure to disconnect the IV infusion needle from the infusion pump/device as soon as she was aware and/or should have been aware that the device was emitting a "beeping" warning and at the same time digitally displaying an "AIR IN LINE" alert/warning and/or to discontinue its use.

g) In other respects as will be shown at trial.

28.     As a direct and proximate cause of the negligence of the defendant, Mollie Latcher-Katz, R.N, air in the infusion pump machine was infused into the circulatory system of plaintiff's decedent, Logan Smith, resulting in a fatal air embolism and the tragic death of the infant on August 27, 2010.

29.     As a direct and proximate result of the negligence of the defendant, Mollie Latcher-Katz, R.N., the plaintiff, Deborah Smith, as Administratrix of the Estate of Logan Smith, is entitled to damages on behalf of the statutorily defined beneficiaries pursuant to the Rhode Island Wrongful Death Act , Sections 10-7-1.1 and 10-7-2.

**WHEREFORE**, the plaintiff demands judgment against the defendant, Mollie Latcher-Katz, R.N., in an amount of $5,000,000 per R.I. Gen Laws, Section 10-7-2 , plus interests and costs

## COUNT II

**Deborah Smith, Administatrix of the Estate of Logan Smith v. Oscar Herrara, R.N.**
**(Negligence)**
**(Wrongful Death Damages Pursuant to R.I. Gen Laws Sections 10-7-1.1 and 10-7-2.)**

30.   Plaintiff restates and realleges each and every allegation in paragraphs one

through twenty four as if fully set forth herein.

31.    At all times material hereto, the, defendant, Oscar Herrara, R.N., owed a duty of

reasonable care to plaintiff's decedent, Logan Smith; breached said duty of care and was

negligent.

32,    The negligence of the defendant, Oscar Herrara, R.N., included but is not limited

to:

   a) The negligent failure to  provide proper, clinical nursing care in connection
      with the delivery of IV infusion treatment to plaintiff's decedent, Logan
      Smith;

   b) The negligent failure to properly monitor and supervise said IV infusion
      treatment;

   c) The  negligent failure to properly monitor and properly utilize the infusion
      pump/device;

   d) The  negligent failure to properly monitor and supervise the activities of the
      defendant, Ashley Brophy, C.N.A., who was improperly permitted to be in
      charge of and responsible for the operation of the infusion pump/device
      during the subject IV infusion treatment.

   e)  The negligent failure to disconnect the IV infusion needle from the infusion
      pump/device as soon as he was aware that the device was emitting a
      "beeping" warning and at the same time digitally depicting an "AIR IN
      LINE" alert/warning and/or to discontinue its use.

   f)  In other respects as will be shown at trial.

33.     As a direct and proximate cause of the negligence of the defendant, Oscar

Herrara, R.N., air in the infusion pump/device was infused into the circulatory system

of plaintiff's decedent, Logan Smith, resulting in a fatal air embolism and the tragic

death of the infant on August 27, 2010.

34.     As a direct and proximate result of the negligence of the defendant, the plaintiff,

Deborah Smith, as Administratrix of the Estate of Logan Smith, is entitled to damages

on behalf of the statutorily beneficiaries statutorily defined beneficiaries pursuant to the

Rhode Island Wrongful Death Act , Section Sections 10-7-1.1 and 10-7-2.

     **WHEREFORE**, the plaintiff demands judgment against the defendant, Oscar

Herrara, R.N., in an amount of $5,000,000 per forth in R.I. Gen Laws, Section 10-7-2,

plus interests and costs

## COUNT III

**Deborah Smith, Administatrix of the Estate of Logan Smith v. Ashley Brophy, C.N.A.**
**(Negligence)**
**(Wrongful Death Damages Pursuant to R.I. Gen Laws Sections 10-7-1.1 and 10-7-2.)**

35.     Plaintiff restates and realleges each and every allegation in paragraphs one

through twenty four as if fully set forth herein.

36.     At all times material hereto, the, defendant, Ashley Brophy, C.P.A., owed a duty

of reasonable care to plaintiff's decedent, Logan Smith; breached said duty of care and

was negligent

37.     The negligence of the defendant included but is not limited to:

    a) The negligent failure to  provide proper, clinical nursing care in connection
       with the delivery of IV infusion treatment to plaintiff's decedent, Logan
       Smith;

b) The negligent failure to properly monitor and supervise said IV infusion treatment;

c) The  negligent failure to properly monitor and properly utilize the infusion pump/device;

d) The  negligent failure to alert and notify appropriate personnel and do so in a timely fashion that the subject IV infusion/machine  indicated "AIR IN LINE."

e) The negligent failure to disconnect the IV infusion needle from the infusion pump device as soon as the device indicated "AIR IN LINE" and/or to discontinue its use.

f) In other respects as will be shown at trial.

36.    As a direct and proximate cause of the negligence of the defendant, Ashley

BrophY, C.N.A., air in the infusion pump machine was infused into the circulatory

system of plaintiff's decedent, Logan Smith, resulting in a fatal air embolism and the

tragic death of the infant on August 27, 2010.

37.    As a direct and proximate result of the negligence of the defendant, the plaintiff,

as Admistratrix of the Estate of Logan Smith, is entitled to damages on behalf of the

statutorily beneficiaries statutorily defined beneficiaries pursuant to the Rhode Island

Wrongful Death Act , Section  Sections 10-7-1.1 and 10-7-2.

**WHEREFORE**, the plaintiff demands judgment against the Ashley Brophy,

C.N.A., in an amount of $5,000,000 per R.I. Gen Laws, Section  10-7-2 , plus interests and

costs.

## COUNT IV

**Deborah Smith, Administratrix of the Estate of Logan Smith v. Rhode Island Hospital**
(*Respondeat Superior*)
**(Wrongful Death Damages Pursuant to R.I. Gen Laws Sections 10-7-1.1 and 10-7-2.)**

38.    Plaintiff restates and realleges each and every allegation of paragraphs 1 through thirty-seven as if fully set forth herein.

39.    At all times material hereto, the defendants, Mollie Latcher-Katz, R.N., Oscar Herrara, R.N., Ashley Brophy, R.N., were the employees, servants, and/or agents of the defendant, Rhode Island Hospital's pediatric division, the Hasbro Children's Hospital.

40.    That the defendant, Rhode Island Hospital, is liable to the plaintiff, Deborah Smith, Administratrix of the Estate of Logan Smith, for the negligence of the defendants, Mollie Latcher-Katz, R.N., Oscar Herrara, R.N., Ashley Brophy, R.N., as set forth in Counts I, II, and III,  pursuant to the doctrine of *respondeat superior*.

41.    As a direct and proximate result of the negligence of the aforementioned defendants, the plaintiff, Deborah Smith, as Administratrix of the Estate of Logan Smith, is entitled to damages on behalf of the statutorily defined beneficiaries pursuant to the Rhode Island Wrongful Death Act , Section  Sections 10-7-1.1 and 10-7-2.

**WHEREFORE**, the plaintiff demands judgment against the defendant, Rhode Island Hospital, in an amount of $5,000,000 per R.I. Gen Laws, Section 10-7-2, plus interests and costs

## COUNT V

### Deborah Smith, Individually, v. Mollie Latcher-Katz, R.N.
### (Loss of Consortium)
### ( Rhode IslandWrongful Death Statute, Section 10-7-1-2 (c)

42.     Plaintiff, restates and realleges each and every allegation in paragraphs one

through forty-one as if fully set forth herein.

43.     As a consequence of the wrongful death of her infant son, Logan Smith, due to

the negligence of the defendant, Mollie Latcher-Katz, R.N., the plaintiff, Deborah

Smith, has suffered a loss of consortium.

**WHEREFORE**, the plaintiff demands judgment against the defendant, Mollie

Latcher-Katz, R.N., in an amount of $2,500,000 plus interests and costs.

## COUNT VI

### Deborah Smith, Individually, v. Oscar Herrara, R.N.
### (Loss of Consortium)
### (Rhode Island Wrongful Death Statute, Section 10-7-1-2 (c))

44.     Plaintiff, restates and realleges each and every allegation in paragraphs one

through forty-one as if fully set forth herein.

45.     As a consequence of the wrongful death of her infant son, Logan Smith, due to

the negligence of the defendant, Oscar Herrara, R.N., the plaintiff, Deborah Smith, has

suffered a loss of consortium.

**WHEREFORE**, the plaintiff demands judgment against the defendant, Oscar

Herrara, R.N., in an amount of $2,500,000 plus interests and costs

## COUNT VII

### Deborah Smith, Individually, v. Ashley Brophy, C.N.A.
### (Loss of Consortium)
### (Wrongful Death Statute, Section 10-7-1-2 (c))

46.     Plaintiff, restates and realleges paragraphs one through forty-one as if fully set forth herein.

47.     As a consequence of the wrongful death of her infant son, Logan Smith, due to the negligence of the defendant, Ashley Brophy, C.N.A., the plaintiff, Deborah Smith, has suffered a loss of consortium.

    **WHEREFORE**, the plaintiff demands judgment against the defendant, Ashley Brophy, R.N., in an amount of $2,500,000 plus interests and costs.

## COUNT VIII

### Deborah Smith, Individually, v. Rhode Island Hospital
### (Loss of Consortium)
### (Rhode Island Wrongful Death Statute, Section 10-7-1-2 (c)

48.     Plaintiff, restates and realleges paragraphs one through forty-seven, as if fully set forth herein.

49.     At all times material hereto, the defendants, Mollie Latcher-Katz, R.N., Oscar Herrara, R.N., and Ashley Brophy, C.N.A., were the employees, servants, and/or agents of the defendant, Rhode Island Hospital's pediatric division, the Hasbro Children's Hospital.

50.     That the defendant, Rhode Island Hospital, is liable to the plaintiff, Deborah Smith, Administatrix of the Estate of Logan Smith for the negligence of the defendants, as set forth in Counts I, II, and III, pursuant to the doctrine of _respondeat superior_.

51.     As a consequence of the wrongful death of her infant son, Logan Smith, due to the

vicarious liability of the defendant, Rhode Island Hospital, the plaintiff, Deborah Smith,

has suffered a loss of consortium.

     **WHEREFORE**, the plaintiff demands judgment against the defendant, Rhode

Island Hospital,   in an amount of $2,500,000 plus interests and costs.\

### COUNT IX

**Ambrose Smith, Individually, v. Mollie Latcher-Katz**
**(Loss of Consortium)**
**(Rhode Island Wrongful Death Statute, Section 10-7-1-2 (c)**

52.     Plaintiff, restates and realleges each and every allegation in paragraphs one

through forty-one as if fully set forth herein.

53.     As a consequence of the wrongful death of his infant son, Logan Smith, due to

the negligence of the defendant, Mollie Latcher-Katz, R.N., the plaintiff, Ambrose

Smith, has suffered a loss of consortium.

     **WHEREFORE**, the plaintiff demands judgment against the defendant, Mollie

Latcher-Katz, R.N., in an amount of $2,500,000 plus interests and costs

### COUNT X

**Ambrose Smith, Individually, v. Oscar Herrara, R.N.**
**(Loss of Consortium)**
**(Rhode Island Wrongful Death Statute, Section 10-7-1-2 (c))**

54.     Plaintiff, restates and realleges each and every allegation in paragraphs one

through forty-one, as if fully set forth herein.

55.    As a consequence of the wrongful death of his infant son, Logan Smith, due to
the negligence of the defendant, Oscar Herrara, R.N., the plaintiff, Ambrose Smith, has
suffered a loss of consortium.

   **WHEREFORE**, the plaintiff demands judgment against the defendant, Oscar
Herrara, R.N., in an amount of $2,500,000 plus interests and costs.

## COUNT XI

### Ambrose Smith, Individually, v. Ashley Brophy, C.N.A.
### (Loss of Consortium)
### (Wrongful Death Statute, Section 10-7-1-2 (c))

56.    Plaintiff, restates and realleges each and every allegation in paragraphs one
through forty-one as if fully set forth herein.

57.    As a consequence of the wrongful death of his infant son, Logan Smith, due to
the negligence of the defendant, Ashley Brophy, C.N.A., the plaintiff, Ambrose Smith,
has suffered a loss of consortium.

   **WHEREFORE**, the plaintiff demands judgment against the defendant, Ashley
Brophy,  R.N., in an amount of $2,500,000 plus interests and costs

## COUNT XII

### Ambrose Smith, Individually, v. Rhode Island Hospital
### (Loss of Consortium)
### (Rhode Island Wrongful Death Statute, Section 10-7-1-2 (c))

58.    Plaintiff, restates and realleges each and every allegation in paragraphs one
through fifty-seven, as if fully set forth herein.

59.    At all times material hereto, the defendants, Mollie Latcher-Katz, R.N., Oscar
Herrara, R.N., Mollie Brophy, C.N.A., were the employees, servants, and/or agents of

the defendant, Rhode Island Hospital's pediatric division, the Hasbro Children's Hospital.

60.     That the defendant, Rhode Island Hospital, is liable to the plaintiff, Ambrose Smith, for the negligence of the defendants, Mollie Latcher-Katz, R.N., Oscar Herrara, R.N., Molly Brophy, C.N.A., as set forth in Counts I, II, and III,  pursuant to the doctrine of *respondeat superior*.

61.     As a consequence of the wrongful death of his infant son, Logan Smith, due to the vicarious liability of the defendant, Rhode Island Hospital, the plaintiff, Ambrose Smith, has suffered a loss of consortium.

**WHEREFORE**, the plaintiff demands judgment against the defendant, Rhode Island Hospital, in an amount of $2,500,000 plus interests and costs

## COUNT XIII

### Deborah Smith, Administatrix of The Estate of Logan Smith v. Mollie Latcher-Katz, R.N.
### (Punitive Damages Pursuant to Rhode Island Wrongful Death Act, Section 10-7-7.1)

62.     Plaintiff, restates and realleges each and every allegation of paragraphs one through sixty-one as if fully set forth herein.

63.     That the conduct of the defendant, Molly Latcher-Katz, R.N., was not simply a departure from what would be that of an ordinarily prudent or careful person, but was conduct incompatible with a proper regard for human life, and/or an indifference to the consequences.

64.     That the conduct of the defendant, Mollie Latcher-Katz, R.N., was of such an aggravated, willful, gross, wanton or reckless nature  as to require deterrence and

punishment, warranting the award of punitive damages as authorized by Section 10-7-7.1 of the Rhode Island Wrongful Death Act.

65.     As a direct and proximate result of said conduct, the plaintiff, Deborah Smith, as Administratrix of the Estate of Logan Smith, is entitled to punitive damages on behalf of the statutorily defined beneficiaries pursuant to the Rhode Island Wrongful Death Act , Sections 10-7-1.1,10-7-2, and 10.7.10

        **WHEREFORE**, the plaintiff demands judgment against the defendant, Mollie Latcher-Katz, R.N., for punitive damages in an amount of $10,000,000.

## COUNT XIV

### Deborah Smith, Administatrix of The Estate of Logan Smith v. Oscar Herrara, R.N. (Punitive Damages Pursuant to Rhode Island Wrongful Death Act, Section 7-7-7.1)

66.     Plaintiff restates and realleges each and every allegation in paragraphs one through sixty-one as if fully set forth herein.

67.     That the conduct of the defendant, Oscar Herrara, R.N., was not simply a departure from what would be that of an ordinarily prudent or careful person, but was conduct incompatible with a proper regard for human life and/or an indifference to the consequences.

69.     That the conduct of the defendant, Oscar Herrara, R.N., was of such an aggravated, willful, gross, wanton or reckless nature as to require deterrence and punishment warranting the award of punitive damages as authorized by Section 7-7-7.1 of the Rhode Island Wrongful Death Act.

70.    As a direct and proximate result of said conduct, the plaintiff, Deborah Smith, as
Administratrix of the Estate of Logan Smith, is entitled to punitive damages on behalf of
the statutorily defined beneficiaries pursuant to the Rhode Island Wrongful Death Act,
Section Sections 10-7-1.1, 10-7-2 and 10.7.10.

     **WHEREFORE**, the plaintiff demands judgment against the defendant, Oscar
Herrara, R.N. for punitive damages in an amount of  $10,000,000.

## COUNT XV

### Deborah Smith, Administratrix of The Estate of
### Logan Smith v.  Ashley Brophy, C.N.A.
### (Punitive Damages Pursuant to Rhode Island Wrongful Death Act, Section 7-7-7.1)

71.    Plaintiff restates and realleges each and every allegation in paragraphs one
through sixty-one as if fully set forth herein.

72.    That the conduct of the defendant, Ashley Brophey, C.N.A., was not simply a
departure from what would be that of an ordinarily prudent or careful person, but was
conduct incompatible with a proper regard for human life and/or an indifference to the
consequences.

73.    That the conduct of the defendant, Ashley Brophy, C.N.A., was of such an
aggravated, willful, gross, wanton or reckless nature as to require deterrence and
punishment warranting the award of punitive damages as authorized by Section 7-7-7.1
of the Rhode Island Wrongful Death Act.

74.    As a direct and proximate result of said conduct, the plaintiff, Deborah Smith, as
Administratrix of the Estate of Logan Smith, is entitled to punitive damages on behalf of

the statutorily defined beneficiaries pursuant to the Rhode Island Wrongful Death Act ,

Sections 10-7-1.1 ,10-7-2 and 10.7.10.

**WHEREFORE**, the plaintiff demands judgment against the defendant, Ashley

Brophy, C.N.A., for punitive damages in an amount of $10,000,000.

## COUNT XVI

### Deborah Smith, Administatrix of The Estate
### of Logan Smith v.  Rhode Island Hospital
### (Punitive Damages Pursuant to Rhode Island Wrongful Death Act, Section 7-7-7.1)

75.     Plaintiff restates and realleges each and every allegation of paragraphs one

through seventy-four as if fully set forth herein.

76.     At all times material hereto, the defendants, Mollie Latcher-Katz, R.N., Oscar

Herrara, R.N., Molly Brophy, C.N.A.,were the employees, servants, and/or agents of

the defendant, Rhode Island Hospital's pediatric division, the Hasbro Children's

Hospital.

77.     That the defendant, Rhode Island Hospital, is liable to the plaintiff, Deborah

Smith, Administratrix of the Estate of Logan Smith for the wrongful conduct of the

defendants,  Mollie Latcher-Katz, R.N., Oscar Herrara, R.N., Molly Brophy, C.N.A., as

set forth in Counts I, II, and III,  and by failing to properly oversee and put in place

safeguards to prohibit the sanctioned practice of permitting unqualified medical

personnel from performing potentially life-endangering procedures on helpless infants,

such as Logan Smith.

78.     That the aforementioned defendants' conduct was of such an aggravated, willful,

gross, wanton or reckless nature as set forth in Counts XIII, XIV, and XV, to require

deterrence and punishment warranting the award of punitive damages as authorized
by Section 7-7-7.1 of the Rhode Island Wrongful Death Act.

79.     That the defendant, Rhode Island Hospital, participated in the defendants'
aggravated, willful, gross or reckless conduct , or expressly or impliedly authorized
said conduct, or expressly or impliedly  ratified said conduct,  by failing to ensure and
effect proper supervision  of IV infusion by an appropriately skilled employee(s),
failing to ensure and effect proper supervision and usage of the IV infusion pump
machine/device by an appropriately skilled employee(s), and in other ways that will be
shown at trial.

80.     As a direct and proximate result of said conduct, the plaintiff, Deborah Smith, as
Administratrix of the Estate of Logan Smith, is entitled to punitive damages on behalf of
the statutorily defined beneficiaries pursuant to the Rhode Island Wrongful Death Act ,
Section Sections 10-7-1.1, 10-7-2 and 10.7.10.

    **WHEREFORE**, the plaintiff demands judgment against the defendant, Rhode
Island Hospital, for punitive damages in an amount of $10,000,000.

## COUNT XVII

### Deborah Smith, Individually, v. Mollie Latcher-Katz, R.N.
### (Negligent Infliction of Emotional Distress)

81.     Plaintiff restates and realleges each and every allegation of paragraphs one
through eighty, as if fully set forth herein.

82.     As a result of the negligence, and/or willful, gross or reckless conduct of the
defendant, Mollie Latcher-Katz, R.N., the plaintiff, Deborah Smith, experienced and

personally witnessed the wrongful death of her infant son, Logan Smith, while she held him in her arms.

83.   As a result of said experience, the plaintiff, Deborah Smith, suffered serious emotional injury and consequent physical symptomatology.

   **WHEREFORE**, the plaintiff demands judgment against the defendant, Mollie Latcher-Katz, for damages in an amount of $1,000,000.

## COUNT XVIII

### Deborah Smith, Individually, v. Oscar Herrara, R.N.
### (Negligent Infliction of Emotional Distress)

84.   Plaintiff restates and realleges each and every allegation of paragraphs one through eighty as if fully set forth herein.

85.   As a result of the negligence and/or willful, gross or reckless conduct of the defendant, Oscar Herrara, R.N., the plaintiff, Deborah Smith, experienced and personally witnessed the wrongful death of her infant son, Logan Smith, while she held him in her arms..

86.   As a result of said experience, the plaintiff, Deborah Smith, suffered serious emotional injury and consequent physical symptomatology.

   **WHEREFORE**, the plaintiff demands judgment against the defendant, Oscar Herrara, R.N., for damages in an amount of $1,000,000.

## COUNT XIX

### Deborah Smith, Individually, v. Ashley Brophy, C.N.A.
### (Negligent Infliction of Emotional Distress)

87.     Plaintiff restates and realleges each and every allegation of paragraphs one through eighty as if fully set forth herein.

88.     As a result of the negligence and/or willful, gross or reckless conduct of the defendant, Ashley Brophy, the plaintiff, Deborah Smith, experienced and personally witnessed the wrongful death of her infant son, Logan Smith, while she held him in her arms.

89.     As a result of said experience, the plaintiff, Deborah Smith, suffered serious emotional injury and consequent physical symptomatology.

**WHEREFORE**, the plaintiff demands judgment against the defendant, Ashley Brophy, C.N.A., for damages in an amount of $1,000,000.

## COUNT XX

### Deborah Smith, Individually, v. Rhode Island Hospital
### (Negligent Infliction of Emotional Distress)

90.     Plaintiff restates and realleges each and every allegation of paragraphs one through eighty-nine as if fully set forth herein.

91.     At all material times hereto, the defendants, Mollie Latcher-Katz, R.N., Oscar Herrara, R.N., Molly Brophy, C.N.A.,were the employees, servants, and/or agents of the defendant, Rhode Island Hospital's pediatric division, the Hasbro Children's Hospital.

92.    That the defendant, Rhode Island Hospital, is liable to the plaintiff, Deborah

Smith, for the defendants' negligent infliction of emotional distress  as set forth in

Counts XVII, XVIII, and XIX, herein, pursuant to the doctrine of *respondeat superior*.

**WHEREFORE**, the plaintiff demands judgment against the defendant, Rhode

Island Hospital, for damages in an amount of $1,000,000.

## COUNT XXI

### Ambrose Smith, Individually, v. Mollie Latcher-Katz, R.N.
### (Negligent Infliction of Emotional Distress)

93.    Plaintiff restates and realleges each and every allegation of paragraphs one

through ninety-two, as if fully set forth herein.

94.    As a result of the negligence and/or willful, gross or reckless conduct of the

defendant, Mollie Latcher-Katz, R.N., the plaintiff, Ambrose Smith, experienced and

personally witnessed the wrongful death of his infant son, Logan Smith.

95.    As a result of said experience, the plaintiff, Ambrose Smith, suffered serious

emotional injury and consequent physical symptomatology.

**WHEREFORE**, the plaintiff demands judgment against the defendant, Mollie

Latcher-Katz, R.N., for damages in an amount of $1,000,000.

## COUNT XXII

### Ambrose Smith, Individually, v. Oscar Herrara, R.N.
### (Negligent Infliction of Emotional Distress)

96.    Plaintiff restates and realleges each and every allegation of paragraphs one

through ninety-two, as if fully set forth herein.

97.     As a result of the negligence and/or willful, gross or reckless conduct of the defendant, Oscar Herrara, R.N., the plaintiff, Ambrose Smith, experienced and personally witnessed the wrongful death of his infant son, Logan Smith.

98.     As a result of said experience, the plaintiff, Ambrose Smith, suffered serious emotional injury and consequent physical symptomatology.

**WHEREFORE**, the plaintiff demands judgment against the defendant, Oscar Herrara, R.N., for damages in an amount of $1,000,000.

### COUNT XXIII

#### Ambrose Smith, Individually, v. Ashley Brophy, C.N.A.
#### (Negligent Infliction of Emotional Distress)

99.     Plaintiff restates and realleges each and every allegation of paragraphs one through ninety-two, as if fully set forth herein.

100.    As a result of the negligence and/or willful, gross or reckless conduct of the defendant, Ashley Brophy, C.N.A., the plaintiff, Ambrose Smith, experienced and personally witnessed the wrongful death of his infant son, Logan Smith.

101.    As a result of said experience, the plaintiff, Ambrose Smith, suffered serious emotional injury and consequent physical symptomatology.

**WHEREFORE**, the plaintiff demands judgment against the defendant, Ashley Brophy, C.N.A., for damages in an amount of $1,000,000.

## COUNT XXIV

### Ambrose Smith, Individually, v. Rhode Island Hospital
### (Negligent Infliction of Emotional Distress)

102.    Plaintiff restates and realleges each and every allegation of paragraphs one through one hundred and one, as if fully set forth herein.

103.    At all times material hereto, the defendants,   Mollie Latcher-Katz, R.N., Oscar Herrara, R.N., and Molly Brophy, C.N.A., were the employees, servants, and/or agents of the defendant, Rhode Island Hospital's pediatric division, the Hasbro Children's Hospital.

104.    That the defendant, Rhode Island Hospital, is liable to the plaintiff, Ambrose Smith, for the defendants' negligent infliction of emotional distress as set forth in Counts XXI, XXII and XXIII herein, pursuant to the doctrine of *respondeat superior*.

**WHEREFORE**, the plaintiff demands judgment against the defendant, Rhode Island Hospital, for damages in an amount of $1,000,000.

**PLAINTIFFS DEMAND A TRIAL BY JURY ON EACH AND EVERY COUNT**

Dated: February 18, 2011

The Plaintiff,
By their attorneys,

s/Timothy J. Duggan

_____

Timothy J. Duggan, Esquire
Duggan & Caccavaro
520 Providence Highway, Suite 4
Norwood, MA 02062
Phone: (781) 762-0077