STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

CIVIL ACTION NO. 11-00063-ML-DLM

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

DEBORAH SMITH, ADMINISTRATRIX OF     *
THE ESTATE OF LOGAN SMITH,     *
DEBORAH SMITH, INDIVIDUALLY AND     *
AMBROSE SMITH, INDIVIDUALLY     *
    *
       Plaintiffs     *
    *
    *
v.     *
    *
OSCAR HERRARA, R.N.,     *
ASHLEY BROPHY, C.NA., AND     *
RHODE ISLAND HOSPITAL     *
    *

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## PLAINTIFFS' AMENDED COMPLAINT

### (Parties and Jurisdiction)

1. The plaintiff, Deborah Smith, is a resident of Dartmouth, Massachusetts, is the Administratrix of the Estate of Logan Smith, and is the surviving parent/natural mother of her deceased infant son, Logan Smith, who died on or about August 27, 2010.

2. The plaintiff, Deborah Smith, as Administratrix of the Estate, brings this wrongful death action in said capacity on behalf of the beneficiaries of the Estate pursuant to the Rhode Island Wrongful Death Statute, Section 10-7-1, *et seq.*, and also individually, as the surviving parent/mother of her deceased son, Logan Smith, pursuant to Rhode Island Wrongful Death Statute, Section 10-7-1.2.

3.   The plaintiff, Ambrose Smith, is a resident of Dartmouth, Massachusetts and brings this action individually, as the surviving parent/father of his deceased infant son, Logan Smith, pursuant to Rhode Island Wrongful Death Station, Section 10-7-1.2.

4.   The Defendant, Oscar Herrara, R.N, upon information and belief,  is/was at all material times hereto, a duly licensed registered nurse by the State of Rhode Island, and employed by the Defendant, Rhode Island Hospital's pediatric division, Hasbro Children's  Hospital, who, during the course and while acting within the scope of said employment,  provided nursing care to the plaintiff's decedent , Logan Smith, on or about August 27, 2010, when plaintiff's decedent was a patient in the Rhode Island Hospital's pediatric division,  the Hasbro Children's Hospital.

5.   The Defendant, Ashley Brophy, C.N.A, upon information and belief is/was at all material times hereto, a certified nurse assistant, certified by the State of Rhode Island, and employed by the Defendant, Rhode Island Hospital's pediatric division, the Hasbro Children's Hospital, who, during the course of said employment  and while acting within the scope of said employment, provided nursing care to the plaintiff's decedent, Logan Smith, on or about August 27, 2010, when plaintiff's decedent was a patient in the Rhode Island Hospital's pediatric division,  the Hasbro Children's Hospital.

6.    The Defendant, Rhode Island Hospital, is the parent corporation of the Hasbro Children's Hospital which is the pediatric division of the Rhode Island Hospital. It is a duly licensed provider of medical services incorporated within the State of Rhode Island, and has a principal place of business in the City of Providence, in the State of Rhode Island.

2

7.    Jurisdiction is based on the diverse citizenship of the parties pursuant to 28 USC §1332 together with an amount in controversy exceeding $75,000.00.

## The Facts

8.    On or about June 17, 2010, the plaintiff, Deborah Smith, gave birth by C-section to fraternal twins Logan Smith and L.S., at Women & Infants Hospital in Rhode Island.

9.    The twins were delivered prematurely by approximately eight weeks prior to full term. After approximately seven and one half weeks of care, the twins were doing well, were healthy and were discharged home to the care of their parents, the Plaintiffs Deborah and Ambrose Smith.

10.    On the evening of August 26, 2010 while bathing Logan Smith, the plaintiff parents noticed what appeared to be a hernia on the baby's right groin area and called their family pediatrician who advised them to take the baby to the Hasbro Children's Hospital Emergency Room.

11.    At the Hasbro Children's Hospital, pediatric division of the Rhode Island Hospital, confirmed the presence of an inguinal hernia but as the hernia was not strangulated informed the Plaintiffs that the surgery to repair same could be scheduled at a later date and/or baby Logan could be admitted and surgery performed the next day on August 27, 2010. As Logan, who weighed approxi8mately five (5) lbs at the time, appeared to be in discomfort, the plaintiffs chose to have their baby admitted to Hasbro for the surgery the next day.

12.     In preparation for surgery the surgeon ordered the infusion of IV fluids, and in

the early morning of August 27, 2010, the Smiths were taken to a small room at the

hospital in which the IV fluid infusion was to take place.

13.     At that time, the defendant, Oscar Herrara, R.N., and the defendant, Ashley

Brophy, C.N.A., attempted to place the I.V. infusion needle in Logan Smith's hand, and

were unsuccessful.

14.     Subsequently, Mollie Latcher-Katz, R.N., who, upon information and belief, was

acting as the Head or Charge Nurse for that shift in the Emergency Department, was

summoned to the room and she successfully placed the I.V. infusion needle.  Shethen

left the room, entrusting the safe infusion of fluids into Logan's body to the defendants,

Herrera and Brophy.

15.     The plaintiff, Deborah Smith, was advised by one or more of the defendants

(Herrera or Brophy) to sit in a chair with her infant son, Logan, lying with his belly flat

against her chest. The Plaintiff, Ambrose Smith, was in the room at all material times.

Thereafter the infusion pump/device was connected to the needle that had been placed

by Molly Latcher-Katz and the IV infusion began.  Shortly thereafter the defendant

Herrera left the room, leaving the safe administration of the fluids solely under the care

and attention of Ashley Brophy, C.N.A.

16.     The defendant, Ashley Brophy, C.N.A., was neither qualified nor permitted by

law, hospital practice/policy or procedure to operate a medical device such as the

infusion pump/device; nor was she trained and/or qualified to oversee the IV infusion

procedure being performed on Logan Smith. Yet, on information and belief, Brophy had

4

previously been entrusted on multiple occasions by defendant Herrera and other medical/nursing personnel at Rhode Island Hospital and Hasbro to attend other patients undergoing similar medical procedures.

17.     Due to the failure of the Defendant, Herrera, to have properly primed the pump and/or tubing for safe use on baby Logan, almost immediately after the infusion commenced, the infusion pump/device began to continually emit an alarm warning. At one (1) minute after having been activated for the commencement of the infusion the pump sounded an alarm and displayed a digital warning of "Air In Line." Without taking any steps to rid the air in the line about which the device was warning defendant, Brophy, caused the device to stop emitting an alarm but permitted the pump to continue to run. On information and belief the device continued to infuse whatever was in the line into baby Logan's body. One minute later the pump again emitted a warning alarm and displayed the words ""Air In Line" on its digital display.

18.     In response to this second "Air in Line" warning, the defendant, Ashley Brophy, C.N.A., left the room and came back with the defendant, Oscar Herrara, R.N. Together, defendants Herrara and Brophy manipulated the machine so as to bypass its safety feature of warning when there was "Air In Line" and caused the device to resume infusing whatever was in the line into Logan's body. Prior to doing so, both failed or neglected to free air from the line.

19.     In response to the device emitting a "beeping" sound together with the digital reading/warnings of "Air In Line," neither of the defendants, Oscar Herrara, R.N., and/or Ashley Brophy, C.N.A., removed the IV needle and/or disconnected the

5

infusion pump/device from baby Logan's body; nor did either of the defendants advise or inform the Plaintiffs that there was a problem with the infusion pump/device and/or inform them that its use should be discontinued. The infusion resumed, with only defendant, Brophy, in the room with the plaintiffs and their infant son, Logan.

20.     With the knowledge and consent of defendants Herrara, the defendant, Brophy, was the only health care provider in the room during these critical events; the defendant Herrara knowingly left the untrained and unqualified Brophy solely in charge of the safe execution of the procedure and the well-being of baby, Logan.

21.     Within minutes thereafter, and while the infusion continued to proceed, the plaintiff, Deborah Smith, noticed that her baby Logan's's hand turned white, that he was not moving, and that his chest was blue. She frantically alerted the defendant, Ashley Brophy, C.N.A., to these observations/conditions. In response, the defendant, Ashley Brophy, C.N.A., left the room and returned with Oscar Herrera, R.N., Herrera took lifeless baby Logan to the trauma room where he could not be revived, and subsequently was pronounced dead on August 27, 2010.

22.     The cause of death was due to air in the line of the infusion pump/device being pumped into baby Logan after the machine displayed the warning of "AIR IN LINE" and the defendants failed to either clear air from the line of disconnect baby Logan from the infusion pump so as to avoid causing him harm, including death. This resulted in one or more fatal air embolisms (air bubbles) entering the circulatory system of the infant, Logan Smith.

6

23.     Logan Smith died while lying on his mother's chest and in plain view of his

father.

## COUNT I

**Deborah Smith, Administatrix of the Estate of Logan Smith v. Oscar Herrara, R.N.**
**(Negligence)**
**(Wrongful Death Damages Pursuant to R.I. Gen Laws Sections 10-7-1.1 and 10-7-2.)**

24.    Plaintiff restates and realleges each and every allegation in paragraphs one

through twenty three as if fully set forth herein.

25.     At all times material hereto, the, defendant, Oscar Herrara, R.N., owed a duty of

reasonable care to plaintiff's decedent, Logan Smith; breached said duty of care and was

negligent.

26.     The negligence of the defendant, Oscar Herrara, R.N., included but is not limited

to:

a) The negligent failure to  provide proper, clinical nursing care in connection
with the delivery of IV infusion treatment to plaintiff's decedent, Logan
Smith;

b) The negligent failure to properly monitor and supervise said IV infusion
treatment;

c) The  negligent failure to properly monitor and properly utilize the infusion
pump/device;

d) The  negligent failure to properly monitor and supervise the activities of the
defendant, Ashley Brophy, C.N.A., who was improperly permitted to be in
charge of and responsible for the operation of the infusion pump/device
during the subject IV infusion treatment.

e)  The negligent failure to disconnect the IV infusion needle from the infusion
pump/device as soon as he was aware that the device was emitting a
"beeping" warning and at the same time digitally depicting an "AIR IN
LINE" alert/warning and/or to discontinue its use.

      f)  In other respects as will be shown at trial.

27.     As a direct and proximate cause of the negligence of the defendant, Oscar

Herrara, R.N., air in the infusion pump/device was infused into the circulatory system

of plaintiff's decedent, Logan Smith, resulting in a fatal air embolism and the tragic

death of the infant on August 27, 2010.     .

28.     As a direct and proximate result of the negligence of the defendant, the plaintiff,

Deborah Smith, as Administratrix of the Estate of Logan Smith, is entitled to damages

on behalf of the statutorily beneficiaries statutorily defined beneficiaries pursuant to the

Rhode Island Wrongful Death Act , Section Sections 10-7-1.1 and 10-7-2.

     **WHEREFORE**, the plaintiff demands judgment against the defendant, Oscar

Herrara, R.N., in an amount of $5,000,000 per forth in R.I. Gen Laws, Section 10-7-2,

plus interests and costs

## COUNT II

**Deborah Smith, Administatrix of the Estate of Logan Smith v. Ashley Brophy, C.N.A.**
**(Negligence)**
**(Wrongful Death Damages Pursuant to R.I. Gen Laws Sections 10-7-1.1 and 10-7-2.)**

29.     Plaintiff restates and realleges each and every allegation in paragraphs one

through twenty eight as if fully set forth herein.

30.     At all times material hereto, the, defendant, Ashley Brophy, C.P.A., owed a duty

of reasonable care to plaintiff's decedent, Logan Smith; breached said duty of care and

was negligent

31.     The negligence of the defendant included but is not limited to:

a) The negligent failure to  provide proper, clinical nursing care in connection with the delivery of IV infusion treatment to plaintiff's decedent, Logan Smith;

b) The negligent failure to properly monitor and supervise said IV infusion treatment;

c) The  negligent failure to properly monitor and properly utilize the infusion pump/device;

d) The  negligent failure to alert and notify appropriate personnel and do so in a timely fashion that the subject IV infusion/machine  indicated "AIR IN LINE."

e) The negligent failure to disconnect the IV infusion needle from the infusion pump device as soon as the device indicated "AIR IN LINE" and/or to discontinue its use.

f) In other respects as will be shown at trial.

32.    As a direct and proximate cause of the negligence of the defendant, Ashley BrophY, C.N.A., air in the infusion pump machine was infused into the circulatory system of plaintiff's decedent, Logan Smith, resulting in a fatal air embolism and the tragic death of the infant on August 27, 2010.

33.    As a direct and proximate result of the negligence of the defendant, the plaintiff, as Admistratrix of the Estate of Logan Smith, is entitled to damages on behalf of the statutorily beneficiaries statutorily defined beneficiaries pursuant to the Rhode Island Wrongful Death Act, Sections 10-7-1.1 and 10-7-2.

**WHEREFORE**, the plaintiff demands judgment against the Ashley Brophy, C.N.A., in an amount of $5,000,000 per R.I. Gen Laws, Section 10-7-2, plus interests and costs.

## COUNT III

**Deborah Smith, Administatrix of the Estate of Logan Smith v. Rhode Island Hospital**
*(Respondeat Superior)*
**(Wrongful Death Damages Pursuant to R.I. Gen Laws Sections 10-7-1.1 and 10-7-2.)**

34.     Plaintiff restates and realleges each and every allegation of paragraphs 1 through thirty-three as if fully set forth herein.

35.     At all times material hereto, the defendants, Oscar Herrara, R.N., and Ashley Brophy, R.N., were the employees, servants, and/or agents of the defendant, Rhode Island Hospital's pediatric division, the Hasbro Children's Hospital.

36.     That the defendant, Rhode Island Hospital, is liable to the plaintiff, Deborah Smith, Administatrix of the Estate of Logan Smith, for the negligence of the defendants, Oscar Herrara, R.N., and/or Ashley Brophy, R.N., as set forth in Counts I, and II pursuant to the doctrine of *respondeat superior*.

37.     As a direct and proximate result of the negligence of the aforementioned defendants, the plaintiff, Deborah Smith, as Administratrix of the Estate of Logan Smith, is entitled to damages on behalf of the statutorily defined beneficiaries pursuant to the Rhode Island Wrongful Death Act, Sections 10-7-1.1 and 10-7-2.

**WHEREFORE**, the plaintiff demands judgment against the defendant, Rhode Island Hospital, in an amount of $5,000,000 per R.I. Gen Laws, Section 10-7-2, plus interests and costs

### COUNT IV

**Deborah Smith, Individually, v. Oscar Herrara, R.N.**
**(Loss of Consortium)**
**(Rhode Island Wrongful Death Statute, Section 10-7-1-2 (c))**

38.    Plaintiff restates and realleges each and every allegation in paragraphs one

through thirty-seven as if fully set forth herein.

39.    As a consequence of the wrongful death of her infant son, Logan Smith, due to

the negligence of the defendant, Oscar Herrara, R.N., the plaintiff, Deborah Smith, has

suffered a loss of consortium.

       **WHEREFORE**, the plaintiff demands judgment against the defendant, Oscar

Herrara, R.N., in an amount of $3,500,000 plus interests and costs

## COUNT V

### Deborah Smith, Individually, v. Ashley Brophy, C.N.A.
### (Loss of Consortium)
### (Wrongful Death Statute, Section 10-7-1-2 (c))

40.     Plaintiff restates and realleges paragraphs one through thirty-nine as if fully set

forth herein.

41.     As a consequence of the wrongful death of her infant son, Logan Smith, due to

the negligence of the defendant, Ashley Brophy, C.N.A., the plaintiff, Deborah Smith,

has suffered a loss of consortium.

**WHEREFORE,** the plaintiff demands judgment against the defendant, Ashley

Brophy, R.N., in an amount of $3,500,000 plus interests and costs.

## COUNT VI

### Deborah Smith, Individually, v. Rhode Island Hospital
### (Loss of Consortium)
### (Rhode Island Wrongful Death Statute, Section 10-7-1-2 (c)

42.     Plaintiff, restates and realleges paragraphs one through forty-one, as if fully set

forth herein.

43.     At all times material hereto, the defendants, Oscar Herrara, R.N., and Ashley

Brophy, C.N.A., were the employees, servants, and/or agents of the defendant, Rhode

Island Hospital's pediatric division, the Hasbro Children's Hospital.

44.     That the defendant, Rhode Island Hospital, is liable to the plaintiff, Deborah

Smith, Administatrix  of the Estate of Logan Smith for the negligence of the defendants,

as set forth in Counts I, II, and III,  pursuant to the doctrine of _respondeat superior_.

45.     As a consequence of the wrongful death of her infant son, Logan Smith, due to the

vicarious liability of the defendant, Rhode Island Hospital, the plaintiff, Deborah Smith,

has suffered a loss of consortium.

    **WHEREFORE**, the plaintiff demands judgment against the defendant, Rhode

Island Hospital,   in an amount of $3,500,000 plus interests and costs.

## COUNT VII

### Ambrose Smith, Individually, v. Oscar Herrara, R.N.
### (Loss of Consortium)
### (Rhode Island Wrongful Death Statute, Section 10-7-1-2 (c))

46.     Plaintiff, restates and realleges each and every allegation in paragraphs one

through forty-five, as if fully set forth herein.

47.     As a consequence of the wrongful death of his infant son, Logan Smith, due to

the negligence of the defendant, Oscar Herrara, R.N., the plaintiff, Ambrose Smith, has

suffered a loss of consortium.

    **WHEREFORE**, the plaintiff demands judgment against the defendant, Oscar

Herrara, R.N., in an amount of $3,500,000 plus interests and costs.

## COUNT VIII

### Ambrose Smith, Individually, v. Ashley Brophy, C.N.A.
### (Loss of Consortium)
### (Wrongful Death Statute, Section 10-7-1-2 (c))

48.     Plaintiff, restates and realleges each and every allegation in paragraphs one

through forty-seven as if fully set forth herein.

49.     As a consequence of the wrongful death of his infant son, Logan Smith, due to

the negligence of the defendant, Ashley Brophy, C.N.A., the plaintiff, Ambrose Smith,

has suffered a loss of consortium.

        **WHEREFORE**, the plaintiff demands judgment against the defendant, Ashley

Brophy, R.N., in an amount of $3,500,000 plus interests and costs

### COUNT IX

**Ambrose Smith, Individually, v. Rhode Island Hospital**
**(Loss of Consortium)**
**(Rhode Island Wrongful Death Statute, Section 10-7-1-2 (c)**

50.     Plaintiff, restates and realleges each and every allegation in paragraphs one

through forty-nine, as if fully set forth herein.

51.     At all times material hereto, the defendants, Oscar Herrara, R.N., Ashley Brophy,

C.N.A., were the employees, servants, and/or agents of the defendant, Rhode Island

Hospital's pediatric division, the Hasbro Children's Hospital.

52.     That the defendant, Rhode Island Hospital, is liable to the plaintiff, Ambrose

Smith, for the negligence of the defendants, Oscar Herrara, R.N., Ashley Brophy,

C.N.A., as set forth in Counts I and II, pursuant to the doctrine of *respondeat superior*.

53.     As a consequence of the wrongful death of his infant son, Logan Smith, due to

the vicarious liability of the defendant, Rhode Island Hospital, the plaintiff, Ambrose

Smith, has suffered a loss of consortium.

        **WHEREFORE**, the plaintiff demands judgment against the defendant, Rhode

Island Hospital, in an amount of $3,500,000 plus interests and costs.

## COUNT X

**Deborah Smith, Administatrix of The Estate of Logan Smith v. Oscar Herrara, R.N.**
**(Punitive Damages Pursuant to Rhode Island Wrongful Death Act, Section 7-7-7.1)**

54.     Plaintiff restates and realleges each and every allegation in paragraphs one

through fifty-three as if fully set forth herein.

55.     That the conduct of the defendant, Oscar Herrara, R.N., was not simply a

departure from what would be that of an ordinarily prudent or careful person, but was

conduct incompatible with a proper regard for human life and/or an indifference to the

consequences.

56.     That the conduct of the defendant, Oscar Herrara, R.N., was of such an

aggravated, willful, gross, wanton or reckless nature as to require deterrence and

punishment warranting the award of punitive damages as authorized by Section 7-7-7.1

of the Rhode Island Wrongful Death Act.

57.     As a direct and proximate result of said conduct, the plaintiff, Deborah Smith, as

Administratrix of the Estate of Logan Smith, is entitled to punitive damages on behalf of

the statutorily defined beneficiaries pursuant to the Rhode Island Wrongful Death Act,

Section Sections 10-7-1.1, 10-7-2 and 10.7.10.

        **WHEREFORE**, the plaintiff demands judgment against the defendant, Oscar

Herrara, R.N., for punitive damages in an amount of $10,000,000.

## COUNT XI

### Deborah Smith, Administratrix of The Estate of
### Logan Smith v. Ashley Brophy, C.N.A.
### (Punitive Damages Pursuant to Rhode Island Wrongful Death Act, Section 7-7-7.1)

58.     Plaintiff restates and realleges each and every allegation in paragraphs one

through fifty-seven as if fully set forth herein.

59.     That the conduct of the defendant, Ashley Brophey, C.N.A., was not simply a

departure from what would be that of an ordinarily prudent or careful person, but was

conduct incompatible with a proper regard for human life and/or an indifference to the

consequences.

60.     That the conduct of the defendant, Ashley Brophy, C.N.A., was of such an

aggravated, willful, gross, wanton or reckless nature as to require deterrence and

punishment warranting the award of punitive damages as authorized by Section 7-7-7.1

of the Rhode Island Wrongful Death Act.

61.     As a direct and proximate result of said conduct, the plaintiff, Deborah Smith, as

Administratrix of the Estate of Logan Smith, is entitled to punitive damages on behalf of

the statutorily defined beneficiaries pursuant to the Rhode Island Wrongful Death Act,

Sections 10-7-1.1 , 10-7-2 and 10.7.10.

    **WHEREFORE**, the plaintiff demands judgment against the defendant, Ashley

Brophy, C.N.A., for punitive damages in an amount of $10,000,000.

16

## COUNT XII

### Deborah Smith, Administatrix of The Estate
### of Logan Smith v. Rhode Island Hospital
### (Punitive Damages Pursuant to Rhode Island Wrongful Death Act, Section 7-7-7.1)

62.     Plaintiff restates and realleges each and every allegation of paragraphs one

through sixty-one as if fully set forth herein.

63.     At all times material hereto, the defendants, Oscar Herrara, R.N., Ashley Brophy,

C.N.A., were the employees, servants, and/or agents of the defendant, Rhode Island

Hospital's pediatric division, the Hasbro Children's Hospital.

64.     That the defendant, Rhode Island Hospital, isnot only vicariously liable to the

plaintiff, Deborah Smith, Administratrix of the Estate of Logan Smith for the wrongful

conduct of the defendants,  Oscar Herrara, R.N., Ashley Brophy, C.N.A., as set forth in

Counts I, II, and III,  but also for failing to properly oversee and put in place safeguards

to prohibit the sanctioned and/or tolerated practice of permitting unqualified medical

personnel such as Ashley Brophy, CNA from performing potentially life-endangering

procedures on helpless infants, such as Logan Smith.

65.     That the aforementioned conduct of defendant, Rhode Island Hospital, was of

such an aggravated, willful, gross, wanton or reckless nature as set forth in Counts XI,

and XI, to require deterrence and punishment warranting the award of punitive

damages as authorized by  Section 7-7-7.1 of the Rhode Island Wrongful Death Act.

66.     That the defendant, Rhode Island Hospital, participated in the defendants'

aggravated, willful, gross or reckless conduct , or expressly or impliedly authorized

said conduct, or expressly or impliedly  ratified said conduct,  by failing to ensure and

effect proper supervision of IV infusion by an appropriately skilled employee(s),

failing to ensure and effect proper supervision and usage of the IV infusion pump

machine/device by an appropriately skilled employee(s), and in other ways that will be

shown at trial.

67.     As a direct and proximate result of said conduct, the plaintiff, Deborah Smith, as

Administratrix of the Estate of Logan Smith, is entitled to punitive damages on behalf of

the statutorily defined beneficiaries pursuant to the Rhode Island Wrongful Death Act ,

Section Sections 10-7-1.1, 10-7-2 and 10.7.10.

         **WHEREFORE**, the plaintiff demands judgment against the defendant, Rhode

Island Hospital, for punitive damages in an amount of $10,000,000.

## COUNT XIV

### Deborah Smith, Individually, v. Oscar Herrara, R.N.
### (Negligent Infliction of Emotional Distress)

68.     Plaintiff restates and realleges each and every allegation of paragraphs one

through sixty-seven as if fully set forth herein.

69.     As a result of the negligence and/or willful, gross or reckless conduct of the

defendant, Oscar Herrara, R.N., the plaintiff, Deborah Smith, experienced and

personally witnessed the wrongful death of her infant son, Logan Smith, while she held

him in her arms..

70.     As a result of said experience, the plaintiff, Deborah Smith, suffered serious

emotional injury and consequent physical symptomatology.

18

WHEREFORE, the plaintiff demands judgment against the defendant, Oscar

Herrara, R.N., for damages in an amount of $1,000,000.

## COUNT XV

### Deborah Smith, Individually, v. Ashley Brophy, C.N.A.
### (Negligent Infliction of Emotional Distress)

71.    Plaintiff restates and realleges each and every allegation of paragraphs one

through seventy as if fully set forth herein.

72.    As a result of the negligence and/or willful, gross or reckless conduct of the

defendant, Ashley Brophy, the plaintiff, Deborah Smith, experienced and personally

witnessed the wrongful death of her infant son, Logan Smith, while she held him in her

arms.

73.    As a result of said experience, the plaintiff, Deborah Smith, suffered serious

emotional injury and consequent physical symptomatology.

WHEREFORE, the plaintiff demands judgment against the defendant, Ashley

Brophy, C.N.A., for damages in an amount of $1,000,000.

## COUNT XVI

### Deborah Smith, Individually, v. Rhode Island Hospital
### (Negligent Infliction of Emotional Distress)

74.    Plaintiff restates and realleges each and every allegation of paragraphs one

through seventy-three as if fully set forth herein.

75.    At all material times hereto, the defendants, Oscar Herrara, R.N., Ashley Brophy,

C.N.A., were the employees, servants, and/or agents of the defendant, Rhode Island

Hospital's pediatric division, the Hasbro Children's Hospital.

19

76.     That the defendant, Rhode Island Hospital, is liable to the plaintiff, Deborah

Smith, for the defendants' negligent infliction of emotional distress as set forth in

Counts XIV and XV, herein, pursuant to the doctrine of *respondeat superior*.

        **WHEREFORE**, the plaintiff demands judgment against the defendant, Rhode

Island Hospital, for damages in an amount of $1,000,000.

## COUNT XVII

### Ambrose Smith, Individually, v. Oscar Herrara, R.N.
### (Negligent Infliction of Emotional Distress)

77.     Plaintiff restates and realleges each and every allegation of paragraphs one

through seventy-six, as if fully set forth herein.

78.     As a result of the negligence and/or willful, gross or reckless conduct of the

defendant, Oscar Herrara, R.N., the plaintiff, Ambrose Smith, experienced and

personally witnessed the wrongful death of his infant son, Logan Smith.

79.     As a result of said experience, the plaintiff, Ambrose Smith, suffered serious

emotional injury and consequent physical symptomatology.

        **WHEREFORE**, the plaintiff demands judgment against the defendant, Oscar

Herrara, R.N., for damages in an amount of $1,000,000.

## COUNT XVIII

### Ambrose Smith, Individually, v. Ashley Brophy, C.N.A.
### (Negligent Infliction of Emotional Distress)

80.     Plaintiff restates and realleges each and every allegation of paragraphs one

through seventy-nine, as if fully set forth herein.

81. As a result of the negligence and/or willful, gross or reckless conduct of the defendant, Ashley Brophy, C.N.A., the plaintiff, Ambrose Smith, experienced and personally witnessed the wrongful death of his infant son, Logan Smith.

82. As a result of said experience, the plaintiff, Ambrose Smith, suffered serious emotional injury and consequent physical symptomatology.

**WHEREFORE**, the plaintiff demands judgment against the defendant, Ashley Brophy, C.N.A., for damages in an amount of $1,000,000.

## COUNT XIX

### Ambrose Smith, Individually, v. Rhode Island Hospital
### (Negligent Infliction of Emotional Distress)

83. Plaintiff restates and realleges each and every allegation of paragraphs one through eighty-two, as if fully set forth herein.

84. At all times material hereto, the defendants, Oscar Herrara, R.N., and Ashley Brophy, C.N.A., were the employees, servants, and/or agents of the defendant, Rhode Island Hospital's pediatric division, the Hasbro Children's Hospital.

85. That the defendant, Rhode Island Hospital, is liable to the plaintiff, Ambrose Smith, for the defendants' negligent infliction of emotional distress as set forth in Counts XI and XV herein, pursuant to the doctrine of *respondeat superior*.

**WHEREFORE**, the plaintiff demands judgment against the defendant, Rhode Island Hospital, for damages in an amount of $1,000,000.

## COUNT XX

**Deborah Smith, Administatrix of the Estate of Logan Smith v. Rhode Island Hospital**
**(Negligence)**
**(Wrongful Death Damages Pursuant to R.I. Gen. Laws Sections 10-7-1.1 and 10-7-2)**

86.    Plaintiff restates and realleges each and every allegation of paragraphs one

through eighty-five, as if fully set forth herein.

87.    That the Defendant, Rhode Island Hospital, owed a direct duty of reasonable

care to foreseeable third parties, such as plaintiff's decedent, Logan Smith, to provide

proper supervision, monitoring, training and ongoing training to its employee,  the

defendant, Oscar Herrara, R.N., to  ensure safe and proper preparation, setup, use,

operation, and monitoring of the subject IV infusion pump,

88.    That the Defendant, Rhode Island Hospital breached the above-described direct

duty of reasonable care to plaintiff's decedent, Logan Smith, by negligently failing to

provide said proper supervision, monitoring, training and ongoing training to its

employee, the defendant, Oscar Herara, R.N.

89.    That the Defendant, Rhode Island Hospital, owned a direct duty of reasonable care

to foreseeable third parties, such as plaintiff's decedent, Logan Smith, to provide proper

supervision, monitoring, training and ongoing training to its employee, the defendant,

Ashley Brophy, C.N.A., as to her appropriate and proper role, responsibilities and

limitations relative to the safe and proper use, operation and monitoring of the subject

IV infusion.

90.    That the Defendant, Rhode Island Hospital breached the above-described direct

duty of reasonable care to plaintiff's decedent, Logan Smith, by negligently failing to

22

provide said proper supervision, monitoring, training and ongoing training to its employee, the defendant, Ashley Brophy, C.N.A.

91.    That the Defendant, Rhode Island Hospital, knew or should have known that by failing to provide proper supervision, monitoring, training and ongoing training to its employees, Herrara and Brophy, relative to the proper and safe use of the subject I.V. infusion pump, the Defendant Hospital exposed foreseeable third parties, such as plaintiff's decedent, Logan Smith, to the ultimate risk of harm—death.

92.    As a direct and proximate cause of the negligence of the defendant, Rhode Island Hospital, air in the subject infusion pump machine was infused into the circulatory system of plaintiff's decedent, Logan Smith, resulting in a fatal air embolism and the tragic death of the infant on August 27, 2010.

93.    As a direct and proximate result of the negligence of the defendant, Rhode Island Hospital, the plaintiff, as Administratrix of the Estate of Logan Smith, is entitled to damages on behalf of the statutorily defined beneficiaries pursuant to the Rhode Island Wrongful Death Act, Sections 10-7-1.1 and 10-7-2.

**WHEREFORE,** the plaintiff demands judgment against the defendant, Rhode Island Hospital, in an amount of $5,000,000 , plus interests and costs.

## COUNT XXI

### Deborah Smith, Individually, v. Rhode Island Hospital
### (Loss of Consortium)
### (Rhode IslandWrongful Death Statute, Section 10-7-1-2 (c) )

94.    Plaintiff restates and realleges each and every allegation in paragraphs one through ninety-three, as if fully set forth herein.

95.     As a consequence of the wrongful death of her infant son, Logan Smith, due to

the direct negligence of the defendant, Rhode Island Hospital, the plaintiff, Deborah

Smith, has suffered a loss of consortium.

**WHEREFORE**, the plaintiff demands judgment against the defendant, Rhode

Island Hospital, in an amount of $3,500,000 plus interests and costs.

## COUNT XXII

### Deborah Smith, Individually, v. Rhode Island Hospital
### (Negligent Infliction of Emotional Distress)

96.     Plaintiff restates and realleges each and every allegation in paragraphs one

through ninety-six, as if fully set forth herein.

97.     As a result of the direct negligence, and/or willful, gross or reckless conduct of the

defendant, Rhode Island Hospital,  the plaintiff, Deborah Smith, experienced and

personally witnessed the wrongful death of her infant son, Logan Smith, while she held

him in her arms.

98.     As a result of said experience, the plaintiff, Deborah Smith, suffered serious

emotional injury and consequent physical symptomatology.

**WHEREFORE**, the plaintiff demands judgment against the defendant, Rhode

Island Hospital for damages in an amount of $1,000,000.

## COUNT XXIII

### Ambrose Smith, Individually, v. Rhode Island Hospital
### (Loss of Consortium)
### (Rhode IslandWrongful Death Statute, Section 10-7-1-2 (c) )

94.    Plaintiff restates and realleges each and every allegation in paragraphs one

through ninety-three, as if fully set forth herein.

95.    As a consequence of the wrongful death of his infant son, Logan Smith, due to

the direct negligence of the defendant, Rhode Island Hospital, the plaintiff, Ambrose

Smith, has suffered a loss of consortium.

**WHEREFORE**, the plaintiff demands judgment against the defendant, Rhode

Island Hospital, in an amount of $3,500,000 plus interests and costs.

## COUNT XXIV

### Ambrose Smith, Individually, v. Rhode Island Hospital
### (Negligent Infliction of Emotional Distress)

96.    Plaintiff restates and realleges each and every allegation in paragraphs one

through ninety-six, as if fully set forth herein.

97.    As a result of the direct negligence, and/or willful, gross or reckless conduct of the

defendant, Rhode Island Hospital,  the plaintiff, Ambrose Smith, experienced and

personally witnessed the wrongful death of his infant son, Logan Smith, while she held

him in her arms.

98.    As a result of said experience, the plaintiff, Ambrose Smith, suffered serious

emotional injury and consequent physical symptomatology.

**WHEREFORE**, the plaintiff demands judgment against the defendant, Rhode

Island Hospital for damages in an amount of $1,000,000.

## PLAINTIFFS DEMAND A TRIAL BY JURY ON EACH AND EVERY COUNT

Dated: December 29, 2011

The Plaintiff,
Deborah Smith,
By her attorneys,

s/Timothy J. Duggan
_____

Timothy J. Duggan
RI Bar No. 4574
Duggan & Caccavaro
89 Access Road, Unit A
Norwood, MA 02062
Phone: (781) 762-0077

s/Joseph G. Abromovitz
_____

Joseph G. Abromovitz
Admitted *pro hac vice*
Law Office of Joseph G. Abromovitz
858 Washington Street, 3rd Floor
Dedham, MA 02026

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon
the following counsel of record via the ECF system on December 29, 2011.

Mark P. Dolan, Esquire
Rice Dolan & Kershaw
The Aldrich Building
72 Pine Street, Suite 300
Providence, RI 02903

s/Joseph G. Abromovitz
_____

Joseph G. Abromovitz

26