```
                UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF RHODE ISLAND


DEBORAH SMITH, AMINISTRATRIX OF      :
THE ESTATE OF LOGAN SMITH,           :
DEBORAH SMITH, INDIVIDUALLY, and     :
AMBROSE SMITH, INDIVIDUALLY,         :
                 Plaintiffs,         :
                                     :
     v.                              :     CA 11-63 ML
                                     :
MOLLY LATCHER KATZ, R.N.,            :
OSCAR HERRARA, R.N.,                 :
ASHLEY BROPHY, C.N.A., and           :
RHODE ISLAND HOSPITAL,               :
                 Defendants.         :
```

**ORDER**

**GRANTING IN PART MOTION**

**TO COMPEL SUPPLEMENT OF EXPERT DISCLOSURES**

Before the Court is Plaintiffs' Motion to Compel the Defendant, Rhode Island Hospital, to Supplement Its Expert Disclosures (Docket ("Dkt.") #48) ("Motion to Compel" or "Motion").[1] By the Motion, Plaintiffs seek an order compelling Defendant Rhode Island Hospital (the "Hospital") to: 1) provide the literature relied upon by its expert, William F. Malcolm, M.D. ("Dr. Malcolm"); see Plaintiffs' Memorandum of Law in Support of Their Motion to Compel the Defendant, Rhode Island Hospital, to Supplement its Expert Disclosures (Dkt. #49) ("Plaintiffs' Mem.") at 5; 2) "supplement Dr. Malcolm's report with opinions in

---

[1] The Motion was referred to this Magistrate Judge on July 31, 2012, see Docket ("Dkt."), and was taken up on August 1, 2012, after the conclusion of a hearing on an emergency motion in another case.

accordance with the Daubert[2] standard, rather than speaking in terms of possibilities," id. at 9; and 3) provide the total amount the Hospital's experts have been paid (or are owed) to date, id. at 10. The Hospital has filed an objection to the Motion. See Objection to Plaintiffs' Motion to Compel Defendant Rhode Island Hospital to Supplement Expert Disclosures (Dkt. #50) ("Objection"). The Court concludes that no hearing is required.

***Literature Relied upon by Dr. Malcolm***

The term "literature" appears in four sentences in Defendant Rhode Island Hospital's Expert Disclosures relative to Dr. Malcolm. The sentences are reproduced below:

> Medical **literature** shows that prolonged use of supplemental oxygen causes lung injury which may result in bronchopulmonary dysplasia ("BPD"). ... Medical **literature** further states that pulmonary hypertension associated with BPD increases the risk of late mortality in extremely low birthweight infants.
>
> ....
>
> Lastly, it is quite possible that one of the underlying conditions described above caused sudden decompensation, cardiovascular collapse necessitating cardiopulmonary resuscitation (CPR), and the bag mask ventilation or chest compressions or rapid administration of code meds may have led to air in the heart, all possibilities of which have been reported in the **literature**.
>
> ...
>
> Frothy blood is reported in the **literature** to be a sign that the heart was beating at the time of the introduction of air.

---

[2] Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 113 S.Ct. 2786 (1993).

2

Plaintiffs' Mem., Exhibit A (Defendant Rhode Island Hospital's Expert Disclosures) at 4-5 (bold added).

The Court is persuaded that Dr. Malcolm is relying, at least in part, on this "literature" as a basis for his opinion and that the literature constitutes "facts or data" which must be disclosed pursuant to Fed. R. Civ. P. 26(a)(2)(B).[3] In reaching this conclusion, the Court is influenced by the 2010 Advisory Committee Notes which state in part that:

> [T]he intention is that "facts or data" be interpreted broadly to require disclosure of any material considered

---

[3] Fed. R. Civ. P. 26(a)(2)(B) provides:

(B) Witnesses Who Must Provide a Written Report. Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report–prepared and signed by the witness–if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:

(i) a complete statement of all opinions the witness will express and the basis and reasons for them;

(ii) the facts or data considered by the witness in forming them;

(iii) any exhibits that will be used to summarize or support them;

(iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;

(v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

(vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B).

> by the expert, from whatever source, that contains factual ingredients. The disclosure obligation extends to any facts or data "considered" by the expert in forming the opinions to be expressed, not only those relied upon by the expert."

Fed. R. Civ. P. 26 Advisory Committee Notes (2010 Amendment).

The Court agrees with the Hospital that an expert is not required under Rule 26(a)(2)(B) to cite to literature or publications. See Hendrix v. Evenflo Co., Inc., 609 F.3d 1183, 1199 n.11 (11th Cir. 2010)("In general, we do not require medical doctors to support their expert medical opinions with medical literature."); Smith v. Jacobs Eng'g Grp., Inc., No. 4:06cv496-WS/WCS, 2008 WL 4264718, at *4 (N.D. Fla. Mar. 20, 2008)("Since Dr. Woodhouse did not rely upon his master's thesis, his doctoral dissertation, or his publications in forming his expert opinion, he was not required by Rule 26(a)(2)(B)(ii) to disclose them."). However, here Dr. Malcolm indicates that his opinion is based, at least in part, on medical literature. In such circumstances, this Court concludes that the literature must be identified. Cf. Anderson v. Ridge Tool Co., Civil Action No. 06-116-HRW, 2008 WL 3849923, at *3 (E.D. Ky. Aug. 14, 2008)(holding that expert, who did not cite specific standards or texts in his report, would not be allowed "to supplement his testimony through use of specific sources that were not disclosed in his Rule 26(a)(2) report").

To the extent that the Hospital contends that pursuant to R.I.

4

Gen. Laws § 9-19-30[4] "any such medical literature citations to be used in support of defendant's position need not be provided until thirty days prior to trial," Objection at 4, the Court rejects such contention. Although the Hospital argues that § 9-19-30 "has 'substantive aspects' in the area of medical malpractice and thus may be applied in this action," id., the Court is unpersuaded that the issue of when information must be disclosed is substantive. As the Tenth Circuit has noted:

> [A] procedural rule is ... one designed to make the process of litigation a fair and efficient mechanism for the resolution of disputes. ...

John Hart Ely, The Irrepressible Myth of Erie, 87 Harv.

---

[4] R.I. Gen. Laws § 9-19-30 bears the heading "Certain statements of fact or opinion admissible in evidence in civil actions for malpractice" and provides:

> Statements of facts or opinions on a subject of science or art contained in a published treatise, periodical, book, or pamphlet shall, insofar as the court shall find that the statements are relevant and that the writer of the statements is recognized in his or her profession or calling as an expert on the subject, be admissible in civil actions for malpractice, error, or mistake against physicians, surgeons, dentists, optometrists, hospitals, and sanitaria, as evidence tending to prove the facts or as opinion evidence; provided, however, that the party intending to offer as evidence any such statements shall, not less than thirty (30) days before the trial of the action, give the adverse party or his or her attorney notice of such intention, stating the name of the writer of the statements, the title of the treatise, periodical, book, or pamphlet in which they are contained, the date of publication of the treatise, periodical, book, or pamphlet, the name of the publisher of the treatise, periodical, book, or pamphlet, and wherever possible or practicable the page or pages of the treatise, periodical, book, or pamphlet on which the statements appear.

R.I. Gen. Laws § 9-19-30.

> L.Rev. 693, 724-25 (1974).
>
> In contrast, "a substantive rule is concerned with the channeling of behavior outside the courtroom." <u>Barron [v. Ford Motor Co.]</u>, 965 F.2d [195] at 199 [7th Cir. 1992]. Substantive rules "are directed at individuals and governments and tell them to do or abstain from certain conduct on pain of some sanction. Substantive rules are based on legislative and judicial assessments of the society's wants and needs, and they help to shape the world of primary activity outside the courtroom." Wells,[5] <u>supra</u>, at 504.

<u>Sims v. Great Am. Life Ins. Co.</u>, 469 F.3d 870, 882 (10th Cir. 2006)(first and second alterations in original). Here the state statute is designed to make the litigation process fair and efficient. It is not intended "to shape the world of primary activity outside the courtroom." <u>Id.</u>

It also bears noting that "[e]ven in diversity cases, the Federal Rules of Evidence generally govern the admissibility of evidence in the federal courts." <u>Johnson v. William C. Ellis & Sons Iron Works, Inc.</u>, 604 F.2d 950, 957 (5th Cir. 1979); <u>see also</u> <u>Watkins v. Action Care Ambulance, Inc.</u>, Civil Case No. 07-cv-02598-WJM-BNB, 2011 WL 4017986, at *2 (D. Col. Sept. 9, 2011)("The admission of expert testimony is governed by Rule 702 of the Federal Rules of Evidence."). Moreover, the Fifth Circuit has specifically held that the admissibility of publications, the very matter addressed by § 9-19-30, is governed by federal and not state law. <u>See</u> <u>Johnson</u>, 604 F.2d at 957.

---

[5] Michael Lewis Wells, <u>The Impact of Substantive Interests on the Law of Federal Courts</u>, 30 Wm. & Mary L.Rev. 499, 504 (1989).

6

The Court need not at this junction definitively decide that § 9-19-30 has no applicability to the instant litigation. All the Court need do is find that the statute does not provide a basis for the Hospital to delay complying with its obligation to disclose the literature which Dr. Malcolm referenced in the four sentences the Court quoted earlier. The Court has little difficulty making this finding.

Accordingly, to the extent that the Motion seeks identification of the literature relied upon by Dr. Malcolm, the Motion is GRANTED.

### *Opinions in Accordance with Daubert Standard*

To the extent that the Motion seeks to compel the Hospital to supplement Dr. Malcolm's report "in accordance with the Daubert standard, rather than speaking in terms of possibilities," Plaintiffs' Mem. at 9, the Motion is DENIED. If Plaintiffs believe that Dr. Malcolm's expected testimony does not satisfy the Daubert standard, then their remedy is to move to preclude such testimony. It is entirely plausible to this Court that a party could fully comply with its obligations under Rule 26(a)(2) with respect to expert disclosures and also that the expert's expected testimony will not meet the Daubert standard. In such circumstances, the testimony will be precluded not because the party offering the testimony has failed to comply with Rule 26(a)(2), but because the evidence fails to satisfy Daubert.

*Expert Compensation*

As part of the disclosures for expert testimony, Rule 26(a)(2)(B)(vi) requires "a statement of the compensation to be paid for the study and testimony in the case." Fed. R. Civ. P. 26(a)(2)(B)(vi). Plaintiffs seek to have the Hospital supplement its expert disclosure "with the amounts paid or owed to each expert, to date." Plaintiffs' Mem. at 10. The Hospital has provided in its expert witness disclosure the hourly rate of compensation to be paid to each of its experts. Plaintiffs cite no authority supporting their contention that they are entitled to the additional information they seek, and the Court is not aware of any. Accordingly, the relief sought by this portion of the Motion is DENIED.

## Conclusion

The Motion is granted to the extent that it seeks to require the Hospital to identify the literature relied upon by Dr. Malcolm in his report. The Hospital shall provide this information to Plaintiffs within fourteen days.[6] In all other respects, the Motion is denied.

So ordered.

---

[6] The Court is cognizant that Plaintiffs requested that the information be provided prior to the August 3, 2012, mediation. However, the Court believes that Dr. Malcolm needs a reasonable period of time to provide the information in question. The Court finds that fourteen days is reasonable.

__/s/ *David L. Martin*__
DAVID L. MARTIN
United States Magistrate Judge
August 3, 2012